UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| LUIS E. PEREZ-ORTIZ, | ) |
| | ) |
| | ) Civil No. 16-104-HRW |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM** |
| JODIE L. SNYDER-NORRIS, | ) **OPINION & ORDER** |
| Warden, | ) |
| | ) |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Luis E. Perez-Ortiz is an inmate confined at the Federal Correctional Institution Ashland ("FCI-Ashland") in Ashland, Kentucky. Proceeding without counsel, Perez-Ortiz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] This matter is before the Court to conduct an initial screening of Perez-Ortiz's petition. 28 U.S.C. § 2243. Because Perez-Ortiz's claims cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

I

On December 21, 2010, in the United States District Court for the District of Puerto Rico, Perez-Ortiz was convicted by a jury of two criminal counts: (1) attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of

1

21 U.S.C. §§ 841 and 846; and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a). On June 16, 2011, Perez-Ortiz was sentenced to imprisonment for a term of 78 months as to Count One (the drug count), and 60 months as to Count Two (the firearms count), for a total term of imprisonment for 138 months. Perez-Ortiz filed a notice of appeal, but this appeal was withdrawn five days after filing. *United States v. Perez-Ortiz*, No. 3:10-cr-331-JAF-1 (D. P.R. 2010).

Perez-Ortiz then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, in which he argued that he was illegally entrapped by government agents; he was wrongfully convicted because the transaction involved two undercover agents and sham cocaine; he was not provided with sufficient evidence in discovery; the district court erred in denying his motion for a continuance; and that his counsel was ineffective for various reasons, including for wrongfully advising him to withdraw his appeal. The District Court denied Perez-Ortiz's § 2255 motion. *Perez-Ortiz v. United States*, No. 3:11-cv-2205-JAF (D. P.R. 2011).

Perez-Ortiz then filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. This motion was granted with respect to his sentence on Count One of the indictment. The District Court reduced Perez-Ortiz sentence to a term of imprisonment of 63

months as to Count One (reduced from a term of 78 months), to be served consecutively to the 60-month sentence imposed as to Count Two, for a total term of imprisonment of 123 months. *United States v. Perez-Ortiz*, No. 3:10-cr-331-JAF-1 (D. P.R. 2010).

Perez-Ortiz now seeks relief from in this Court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Perez-Ortiz identifies four grounds upon which his § 2241 petition is based: (1) that he was convicted despite his actual innocence as a result of ineffective counsel, (2) that he was brought to trial 76 days after his initial appearance before a judicial officer, in violation of the Speedy Trial Act and his right to have time to prepare for trial, and (3) his conviction was obtained through entrapment in violation of his constitutional rights. [D.E. No. 1] However, Perez-Ortiz's § 2241 petition is an impermissible attack on his underlying conviction and, accordingly, he is not entitled to relief.

## II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Perez-Ortiz's petition under a

more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999); *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). Establishing that the § 2255 remedy is inadequate or ineffective

4

is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). Nor does this exception apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law. *Nechovski v. Snyder-Norris*, No. 0:16-CV-3-HRW, 2016 WL 3552196, at *5 (E.D. Ky. June 23, 2016), *aff'd*, No. 16-6082 (6th Cir. July 6, 2016) (citing *Charles*, 180 F.3d at 756).

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions

5

announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. The general rule is that new decisions are not retroactive "unless the new decision provides a criminal rule of procedure that is of 'watershed' importance or is a substantive change in the law that imposes a new burden on the states or federal government." *Id.* (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

None of Perez-Ortiz's claims fit within the narrow scope of § 2255(e). There is no doubt that Perez-Ortiz's claim that his trial counsel was constitutionally ineffective under *Strickland* is one of ordinary trial error which could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Fuller v. United States*, No. 14-CV-714-DRH, 2014 WL 3543703, at *3-4 (S.D. Ill. July 16, 2014); *Ellis, Jr. v. Warden, FCC-Coleman Medium*, No. 5:11-CV-318-OC-29PRL, 2014 WL 3767605, at *4-5 (M.D. Fla. July 31, 2014). Likewise, Perez-Ortiz's claim that his conviction was obtained through entrapment in violation of his constitutional rights is an ordinary trial error that he could have asserted before the trial court, either upon direct appeal or in a motion pursuant to 28 U.S.C. § 2255.

Finally, his claim that his that he was brought to trial in violation of the Speedy Trial Act also may not be asserted under § 2241. Although Perez-Ortiz's Speedy

Trial Act claim references a statute, he does not rely upon any Supreme Court decision post-dating his conviction, direct appeal, and initial collateral attack proceedings, much less one that has been deemed to be retroactively applicable to cases on collateral review. Thus, Perez-Ortiz does not (and could not) rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition.

Even if it were not an improper § 2241 claim, Perez-Ortiz's Speedy Trial Act claim is without merit. The Speedy Trial Act, 18 U.S.C. § 3161, requires the trial of a defendant charged in an indictment to commence within 70 days from either the filing date of the indictment or from the date the defendant first appears before a judicial officer of the court in which such charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). Perez-Ortiz made his initial appearance before a United States Magistrate Judge on October 6, 2010 and his trial began on December 20, 2010. *United States v. Perez-Ortiz*, No. 3:10-cr-331-JAF-1 (D. P.R. 2010). Because the initial day of the initial appearance is excluded, *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1988), the trial began 74 days after the initial appearance. However, between the initial appearance and the trial, over 10 days were excludable under 18 U.S.C. § 3161(h)(1) as delays resulting from pretrial motions filed by the

7

defendant and the prompt disposition of those motions.[1] Thus, there was no Speedy Trial Act violation.

Perez-Ortiz incorrectly cites to the Sixth Circuit's decision in *United States v. Tinklenberg*, 579 F.3d 589, 598 (6th Cir. 2009) for the proposition that, in order for a delay caused by a pretrial motion to be excluded from the computation of the 70-day limitations period, the motion must have actually caused a delay, or the expectation of a delay. [D.E. 1-1 at p. 24]. However, this "motion-by-motion" test applied by the Sixth Circuit was rejected by the United States Supreme Court on appeal, which held that, as the statutory exclusion does not contain this kind of causation requirement, "the filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011).

Perez-Ortiz's remaining arguments regarding the inadequacy or ineffectiveness of a § 2255 petition are similarly unavailing. For example, he cites *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) for the proposition that "§ 2255 motions are 'inadequate' in the case of reviewing court-martial sentences because they are determined by *ad hoc* panels which are dissolved once the initial

---

[1] Ironically, these motions included three motions filed by Perez-Ortiz to continue the trial.

proceeding is completed." [D.E. No. 1-1 at p. 11] However, Perez-Ortiz was not tried by a military court and did not receive a court-martial sentence.

Perez-Ortiz also claims that a § 2255 petition is inadequate in his circumstances because he does not speak English and because he is a former law enforcement officer who occupied a supervisory position in the State Police of Puerto Rico" and, accordingly "is not popular with most members of the federal inmate population." [D.E. No. 1-1 at p. 11] According to Perez-Ortiz, these difficulties limited his ability to utilize the limited legal resources available in prison and, accordingly, limited his ability to file a § 2255 petition within the 1-year statutory limitations period. [D.E. No. 1-1 at p. 12-13] However, not only are these "limitations" insufficient to establish the inadequacy or ineffectiveness of a § 2255 petition, his argument is undercut by the fact that he did, in fact, file a § 2255 petition within the 1-year statutory limitations period in which he made similar arguments as those presented here.

Because Perez-Ortiz's claims consist of challenges to his conviction that he could and must have asserted before the trial court, either upon direct appeal or in a motion pursuant to 28 U.S.C. § 2255, his claims may not be pursued under 28 U.S.C. § 2241. Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Luis E. Perez-Ortiz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 16th day of October, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge